Tbe opinion of tbe Court was delivered by
Wardlaw, J.
We will not pass tbe first ground of appeal unnoticed, altbougb appeals from tbe discretion exer-ercised by a Circuit Judge, in rejecting motions for a continuance, bave been so often discouraged bere, that it may seem idle to say another word on tbe subject. Tbe twenty-tbird Buie of Court imposes no restraint upon tbe Judge, but gives directions to parties; it does not declare that wbat is there prescribed shall avail to effect a continuance, but that less need not be expected to serve. Tbe same observations apply to tbe twenty-fifth Buie. Its words show that it refers to any term after tbe first, not to a renewed application by a party who before bad obtained a continuance. Discretion exercised at a former term must be taken by a Judge, at any succeeding term, to bave been properly exercised; and only as it may affect bis opinion of tbe diligence or good faith of a party who applies to him for continuance, is it material for him to know upon whose application a former continuance was granted. When counsel of experience give tbe prominence of tbe first place to such a ground of appeal as tbe first one in this case, it is bard to resist a suspicion, that tbe same want of confidence which ought to bave been felt in tbe first, did extend to all that followed. We bave however carefully read tbe mass of testimony which has been sent up, bave listened to tbe zealous arguments of the plaintiffs’ counsel, and bave examined tbe full notes, printed and written, which be has submitted.
*160 The second ground of appeal is answered by the Eeport.
The Eeport shows too, in reference to the third ground, that an adverse, uninterrupted use for at least twenty years, was required by the instructions, and the objection, made in argument here, is that the use should have been deemed permissive, because there was not sufficient evidence that it was exercised with the assertion of right. It was properly submitted to the jury to judge of the force of the evidence, and this Court cannot perceive that the jury erred in finding that a defendant, who backed water by a substantial dam, for the propulsion of permanent and expensive machinery, showed that he claimed a right to do what was so long continued, and. so essential to his' interest. Use, in derogation of another’s rights, in the abseuce of evidence to show a permissive character, is-ordinarily presumed to be adverse, after it has continued long unquestioned. If, in a case like this, there should appear such permission of the use as would show a parol license under which money was expended in improvements, much deliberation would be had before a withdrawal. of the license should be allowed to impair the value of the improvements. But it is said for the plaintiffs, that the use was a silent, insidious invasion, which attracted no attention, and therefore should not acquire the rights which result from an open, notorious possession. It was to some extent an overflowing of soil — visible and continuous; and if it was half so hurtful to the plaintiffs, or their ancestors — as for them it is now said to have been — it could not have escaped notice and complaint. Upon the supposition that the acts done by the defendant are materially prejudicial in any way to the rights which have devolved upon these plaintiffs, the finding of the twenty years’ use by the defendant, under the instructions which were given to the jury, would have been conclusive of the case, if no other question had been submitted. But there was another question, which brings us to the consideration of the remaining grounds of appeal. The jury may *161 have found that the use was not such as the instructions required that it should be, to protect the defendant; yet they may, under the further instructions, have found that the plaintiffs sustained no damage from the water backed in the channel of the stream, and so may have rendered a verdict for the defendant because the banks were not overflowed within the plaintiffs’ line. Eefering under this head to what is said in the report, we see that the case of Garrett vs. Kie, (1 Rich. 444,) was taken as a guide in the circuit, and that the - effort of the plaintiffs here has been to procure an overruling of that case.
If that case is understood to mean that, in an action for backing water, special 'damage must be specified in the counts wherever' the banks of the stream in question have not been overflowed; or that, without' regard to the harm done .by backing within the channel, such backing is always defensible, then we dissent from such conclusion. But if it be understood, as was meant to be decided, that backing within the channel, from which no' appreciable damage results, is not of itself a legal injury which will sustain an action, then we adhere to it. The proposition, which thus we approve, results, we conceive, from the reasonable use of water, which every one through whose land it flows is authorized to enjoy,- considered in connection with the necessities of machinery upon sluggish streams and in a flat country. It is said that water must be allowed to flow as it was wont' to do, and to pass undiminished and undefiled to the proprietors below. Yet a dam may be erected which shall spread the stream over a surface far beyond its natural extent, and so diminish by increased evaporation the quantity which would otherwise have passed down, or the limpid current may be polluted by saw dust, occasionally dropped ando whisked along in the foam of a mill tail. These, it is replied, are trifles about which the law does not care, occasioning no *162 material detriment, and excused in consideration of tbe necessities and advantage of a mill.
In like manner, shutting down tbe gates of a mill wbicb is fed by a pond,- must necessarily lower tbe water in tbe channel below. And raising them must necessarily elevate tbe water. Such a mill cannot be worked at all, without disturbance of tbe natural flow, and such disturbance, in many instances, may be observed for several miles below a mill, upon some of tbe best mill streams of this State. Every such disturbance, either by elevation or depression, is forbidden by tbe extreme principle wbicb would require us to bold that any interference with the order of Nature within another’s territory, constitues a legal injury, without consideration of damage. A temporary, yet frequently recurring interference may differ in degree from a constant one, but not in principle. A fluctuating condition of a stream might, under various circumstances, be quite as harmful as either a permanent elevation or a permanent depression of tbe water’s surface. An invasion of right wbicb is justified in regard to a proprietor below a mill, cannot without some difference in principle, or in consequence, be tbe subject of action by a proprietor above. In both cases it is safe to limit tbe invasion to an extent wbicb does no barm; and where it is in analogy to other reasonable-enjoyments of flowing water, so limited, tbe law may well permit considerations of general expediency to excuse it. If, however, any appreciable damage has been done by tbe invasion, tbe limit has been exceeded, and an action lies.
If a shoal has been covered or rendered less valuable, if a ford has been deepened, if machinery has been clogged, if tbe digging of minerals has been impeded, if sickness has been occasioned, if vegetation has been hurt, — if any actual damage has been done by tbe backing of water within tbe channel on another’s land, then cause of action has been given. In conformity with these views tbe jury, in tbe case *163 before us, were instructed to inquire whether the lands or the mill of the plaintiffs had .been damaged — whether the land had been overflowed or made wet, or rendered incapable of cultivation, or whether any effect prejudicial to the plaintiffs had resulted from the acts of the defendants. The verdict has answered all these inquiries in the negative. And a review of the evidence satisfies us that such answer was well justified. There was then no need of the Judge to give, in conformity with the writing submitted by the plaintiffs’ counsel, farther instructions, leading to speculation concerning what would occur in future, as to which the instances that were specified in the writing, if the apprehension of them deteriorated the value of the plaintiffs’ property, had been embraced in the principles already laid down. Inva•sions of proprietary rights, especially of that kind which, if long indulged, will ripen into easements, should be jealously watched and sternly restrained by the law. But if they'are harmless, they can at most give only easements which do not hurt, and, whenever they become prejudicial, they will become subject to another rule.
Actions like this ought not to be encouraged upon complaints of fanciful injury done to sublimated notions of exclusive territorial dominion.
Such actions sometimes proceed from rival interests or envious malignity.
The physical changes which our country undergoes in the progress from forest wildness to cultivated improvements are necessarily great; and when slight alterations of a stream are investigated, it is often hard to ascertain their existence, and harder to detect their causes. A verdict, finding even nominal damages for a plaintiff upon his allegation of a continued wrong done to his freehold, becomes evidence upon which future verdicts may be claimed, that in the end will compel a defendant to remove the imputed cause of wrong, even by sacrificing valuable interests. In this case it is prob *164 able tKat tbe banks of tbe plaintiffs have been covered by back-water for two incbes of perpendicular beigbt, and for a distance of one or two hundred yards above their line : tbe jury say that from this invasion of their extreme rights no damage has come to them; and in dismissing their action, we indulge the hope, that further developments and further exertions on their part will show that the deterioration of their mill and land, which they have ascribed to the acts of the defendant, has proceeded from causes either inevitable or within their own control.
The motion is dismissed.
O’NeALL, WITHERS, WhitNER, G-lover, and Muhro, JJ., concurred.

Motion dismissed...